# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARREN DAVIS,**

        **Plaintiff,**

**v.**                                  **Case No: 6:22-cv-284-GAP-DCI**

**WASTE PRO OF FLORIDA, INC.,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **"Plaintiff's Response to Order to Show Cause" (Doc. 19)** |
| **FILED:** | **May 11, 2022** |

**THEREON** it is **RECOMMENDED** that the filing, construed as a motion to dismiss, be **GRANTED in part**.

### I.    Background

    On February 8, 2022, Plaintiff initiated this case against Defendant under the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 255, to recover compensation after a collective action Plaintiff opted into was decertified.  Doc. 1.  The Court entered the FLSA Scheduling Order and Defendant filed its Answer and Affirmative Defenses.  Docs. 8, 16.  By Order dated April 27, 2022, the Court granted Defendant's motion for an order to show cause and directed Plaintiff to show cause why this case should not be dismissed, and additional sanctions imposed for the failure to timely file verified answers to the Court's interrogatories as the Scheduling Order requires.  Doc.

18.  Plaintiff filed a Response to the Order to Show Cause, which has been construed as a motion. Docs. 19, 20 (the Motion).

The matter is ripe for review and for the reasons stated in this report, the undersigned recommends that the case be dismissed without prejudice and without any additional sanctions imposed.

## II.   Discussion

According to the Motion, on April 15, 2022, Plaintiff submitted *unverified* answers to the Court's interrogatories after Plaintiff went over the responses with counsel on the telephone and verbally agreed with the answers.  Doc. 19 at 2.  The notice of filing of the unverified answers states that "Plaintiff has reviewed and agreed with the Answers to Court Interrogatories but was unable to sign today due to work commitments."  Doc. 16 at 1.  The Motion then provides that "Plaintiff has been unable to sign the answers to the Court's Interrogatories and has not responded to Plaintiff's Counsel's overtures since then."  Doc. 19 at 2.  The Motion also asserts that "Counsel has been unable to obtain contact with Plaintiff since he verbally agreed to the answers to the Court's Interrogatories."  *Id*.  The Motion sets forth the dates and manner upon which contact was attempted.  *Id*. at 2-3.  Plaintiff's counsel explains that the reason for Plaintiff's lack of contact is currently unknown.  *Id*. at 3.

The Motion requests that the Court dismiss the case without prejudice *if* the Court determines that dismissal is necessary due to counsel's lack of contact with Plaintiff.  *Id*.  Plaintiff argues that dismissal with prejudice is not supported as the Court did not previously warn Plaintiff that failure to comply with discovery will result in dismissal and lesser sanctions would suffice. *Id*. at 5, 6.  Specifically, Plaintiff states that dismissal without prejudice will have the effect of

compromising Plaintiff's statute of limitations and reducing the potential overall recoverable damages. *Id.* at 6.

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)). The Eleventh Circuit has held, however, that "the severe sanction of dismissal - with prejudice or the equivalent thereof - should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit observed that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)).

The Eleventh Circuit further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357). Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)). A dismissal without prejudice, however, amounts to a dismissal with prejudice if the statute of limitation bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)). Additionally, Local Rule 3.10 states that "[a]

plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

While dismissal for failure to prosecute is a harsh sanction, the undersigned concludes that Plaintiff's failure to comply the Court's Scheduling Order is willful and the sanction is appropriate. The FLSA Scheduling Order requires that "Plaintiff shall answer the Court's Interrogatories. . . under oath or penalty of perjury, serve a copy on Defendant, and file same with the Court." Doc. 8 at 2. Thus, Plaintiff's unverified answers are insufficient, and approximately three months has passed since the verified answers were due pursuant to the Court's deadline. In other words, Plaintiff's non-compliance with the Court Order is ongoing.

Despite Plaintiff's counsel's argument in the Motion that there is no "clear record of delay or willful contempt" (Doc. 19 at 6), the fact that Plaintiff's counsel has made at least five unsuccessful attempts to reach Plaintiff since April 12, 2022 via text messages, telephone calls, and a letter, demonstrates that Plaintiff's failure to prosecute this matter goes beyond mere negligence. In fact, counsel's lack of contact with Plaintiff has seemed to impact compliance with other Court deadlines. According to the FLSA Scheduling Order, the Court directed counsel to jointly file a report regarding settlement by June 2, 2022. Doc. 8 at 3. No such report has been filed presumably because the settlement conference was to occur after Plaintiff served answers to the Court's Interrogatories, which did not meaningfully happen.

Accordingly, the undersigned recommends that dismissal of the case is the appropriate sanction at this juncture and agrees with Plaintiff that the lesser sanction of dismissal without prejudice is adequate. But, as noted *supra*, a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitations would bar Plaintiff from pursuing the claim in the future. The undersigned makes no recommendation regarding the applicable statute of limitations—

especially since Plaintiff moves for equitable tolling of that time in the Complaint (Doc. 1 at 13)—but recognizes that there might be an issue given Plaintiff's statement regarding a compromise to the ability to refile. *See* Doc. 6.

Even so, assuming arguendo dismissal will be tantamount to a dismissal with prejudice, the undersigned still finds that the sanction should be imposed.  With respect to Plaintiff's counsel's statement regarding a lack of warning, the undersigned does not necessarily agree. While the Court did not enter a separate order admonishing Plaintiff for missing a "discovery" deadline, the April 27, 2022 Order to Show Cause certainly serves as a warning that dismissal of the case, along with other sanctions, is possible.  Doc. 18.  Over two months has passed since that Order was entered and there is still no activity from Plaintiff.

Additionally, the Motion, which is a response to the Court's Order to Show Cause, reflects that Plaintiff's counsel is unable to reach Plaintiff and counsel is unaware of the reason for the lack of contact. *See* Doc. 19.  As such, there is no just cause for Plaintiff's delay in the submission of the answers or compliance with other deadlines.  Likewise, as the undersigned has already found, the delay and failure to prosecute this case are willful given the passage of time and counsel's inability to make contact despite many efforts.

Notably, the undersigned fails to see why this case is any different from *Preni v. Waste Pro of Florida, Inc.*, No. 6:22-cv-299-GAP-DCI (Doc. 20), where Plaintiff's counsel—the same counsel in the instant case—has moved for voluntary dismissal under Federal Rule of Civil Procedure 41 due to the inability to contact the Plaintiff to submit the verified answers to the Court's interrogatories.  Since Plaintiff's counsel submits that dismissal is appropriate in that case without prejudice, the undersigned recommends that the same result occur in the instant matter.

Finally, because the undersigned recommends the harsh sanction of dismissal of this action, it is not recommended that the Court award reasonable expenses in bringing the motion for an order to show cause as Defendant requests.  *See* Doc. 17 at 4.

### III.    Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. Plaintiff's Motion to Dismiss (Doc. 19) be **GRANTED in part** to the extent that the case be **DISMISSED without prejudice** and the remainder of the Motion be **DENIED**; and

2. the Clerk of Court be directed to close the case.

### <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 12, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy